DES MOINES INSURANCE COMPANY, APPELLANT, v. JOHN J. DAVIS ET AL., APPELLEES.

FILED JANUARY 5, 1899.　No. 8588.

**Conflicting Evidence:** REVIEW. Findings of fact of the district court upon fairly conflicting evidence will not be disturbed on appeal in the supreme court.

APPEAL from the district court of Lancaster county. Heard below before HOLMES, J.　*Affirmed.*

*Bochmer & Rummons,* for appellant.

*A. R. Talbot, contra.*

RYAN, C.

This was an action in the district court of Lancaster county to subject certain real estate, of which the title was held by Sophia W. Davis, to the payment of two deficiency judgments against her husband, John J. Davis. One of these judgments was for $190 and was rendered March 31, 1894. The other was for $240, of the same date. It was alleged in the petition that the foreclosure decrees upon which the sales left due the sums alleged were entered at the September term, 1892. There is in the record no information as to the nature or date of the original indebtedness secured by the mortgages upon which foreclosures were had. There was, therefore, no evidence which would serve to estop Mrs. Davis' assertion of whatever rights were hers because of having permitted her husband to deal with her property and obtain credit upon the faith of being its real owner. The property, through an intermediary trustee, was conveyed by the husband of Mrs. Davis to her between the date of the entry of the decrees and the rendition of the deficiency judgments. She based no claim of protection on any other fact than that the property had been acquired by her husband by the use of her means derived inde-

pendently of him or his property.   The title was taken in his name to enable him to handle it more readily in the frequent exchanges contemplated, but as between the husband and wife she was always recognized as entitled to the ownership.   The property she sold to Mr. Allen, who in some matters had acted as her attorney with reference to the management of some cases in court.   The trustee through whom she derived the title from her husband was also Mr. and Mrs. Davis' counsel in legal matters.   There was no attempt to disguise the fact that the instrumentalities she employed were such as she would probably have used if she had intended to obtain title to the property of her husband to the prejudice of his creditors.   Notwithstanding these unfavorable conditions the evidence was direct and convincing that her equitable rights were such that the legal title she had acquired and conveyed were entitled to protection, and the district court properly so held.   Its judgment is accordingly

AFFIRMED.